# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID EDWARD WILLIS, JR.,<br><br>                Petitioner,<br><br>      v.<br><br>USP VICTORVILLE,<br><br>                Respondent. | Case No. 5:22-cv-1520-DOC (SK)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AND PETITIONER SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT** |

      Petitioner is a federal prisoner convicted and sentenced many years ago in the District of Oregon under the Armed Career Criminal Act (ACCA). After unsuccessfully challenging his armed career criminal designation in that district with a post-conviction motion under 28 U.S.C. § 2255, Petitioner filed in this district four successive—and substantively identical—petitions under 28 U.S.C. § 2241 seeking to collaterally attack his ACCA sentence.  None of those survived the pleading stage: the first two were transferred to the original sentencing court (Nos. 2:18-cv-03370-DOC and 2:18-cv-10278-DOC), after which they were denied there for procedural flaws; the third was dismissed here for lack of jurisdiction with prejudice (No. 2:20-cv-04142-DOC, ECF 16); and the fourth was dismissed on collateral estoppel grounds, both initially here and then twice on reconsideration (No. 2:21-cv-06990-DOC, ECF 3, 4, 6, 13).  The Ninth Circuit Court of Appeals also twice denied Petitioner's requests for a certificate of appealability to raise the same issue about the alleged unlawfulness of his ACCA sentence.  (Appeal Nos. 21-5557 and 21-56191).

Now, less than three months after this Court denied Petitioner's second motion for reconsideration of its 2021 judgment dismissing his fourth petition, he has filed a substantively identical fifth petition. But Petitioner is no more entitled to relief now than he was the fourth time he tried. *See Fairly v. United States*, 373 Fed. App'x 700, 701 (9th Cir. 2010) (collateral estoppel forecloses successive § 2241 petition raising identical claim rejected in earlier petition); *Morrison v. Washington-Adducci*, 2010 WL 331892, at *5 (C.D. Cal. Jan. 28, 2010) (collateral estoppel precludes relitigation of same § 2255 "escape hatch" argument rejected in sister district court). Contrary to Petitioner's argument, *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019)—which was available to him anyway when he petitioned in 2020 and 2021—provides no opening to argue for a fifth time that his ACCA sentence should be reversed.

In *Valencia-Mendoza*, the Ninth Circuit was addressing a different question: whether a defendant was convicted of an offense "punishable by" a term of more than one year under the state criminal statute at issue there if the state's mandatory sentencing guidelines nevertheless capped the defendant's sentence at one year or less. 912 F.3d at 1222, 1224. It was expressly *not* addressing the meaning of the phrase "maximum term of imprisonment prescribed by law," as used in the ACCA, which is the pertinent statutory language that defines whether Petitioner's underlying state drug trafficking convictions qualified as "serious drug offenses" under the ACCA. *See id.* at 1223. For that aspect of the ACCA, the only analysis required is "a mechanistic examination of the highest possible term in the statute" under which Petitioner was convicted.[1] *Id.* That is why the Supreme Court in *United States v. Rodriquez*, 553 U.S. 377 (2008), rejected

---

[1] Petitioner was originally convicted of a Class B felony under O.R.S. § 475.992, which was renumbered as O.R.S. § 475.840 in 2005 and O.R.S. § 475.752 in 2011. Under O.R.S. § 161.605, a Class B felony carries with it a maximum term of imprisonment of 10 years.

Petitioner's precise argument more than a decade ago. *Id.* at 390-93 (holding that the term "maximum term of imprisonment prescribed by law" as used in the ACCA is unaffected by mandatory sentencing guidelines).

Petitioner's quest to overturn his ACCA sentence has run its course long ago. Equally important, by filing the same rejected petitions over and over in this district, Petitioner risks being declared a vexatious litigant under Local Rule 83-8. Repeated filings of the same petitions with no chance of relief—especially after the Court has given Petitioner fulsome explanations why they lack merit—"cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). If found to be a vexatious litigant, the Court can impose an array of pre-filing restrictions and financial conditions to prevent Petitioner from continuing to abuse the judicial process. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).

For these reasons, Petitioner is ORDERED TO SHOW CAUSE in writing by no later than November 4, 2022 why this petition should not be summarily dismissed since it is clear from the face of the petition that he is entitled to no relief under § 2241. *See* Rule 4 or Rules Governing Section 2254 Cases; Local Rule 72-3.2. **Petitioner may discharge this order to show cause by voluntarily dismissing the petition using the attached Form CV-09.** If he does so, the Court may return the $5.00 filing fee that Petitioner paid. If Petitioner instead chooses to move forward with this petition, he is also ORDERED TO SHOW CAUSE in writing by no later than November 4, 2022 why he should not be declared a vexatious litigant and precluded from further filings of the same petition without severe restrictions, including monetary conditions like a financial bond. *See* Local Rule 83-8.2.

Failure to file a notice of voluntary dismissal or other proper response to this order on time may also lead to involuntary dismissal of the petition WITH PREJUDICE for lack of prosecution and disobeying court orders. *See* Fed. R. Civ. P. 41(b); Local Rule 41-1.

IT IS SO ORDERED.

DATED: October 7, 2022                              / s / Kim
                                                            STEVE KIM
                                                            United States Magistrate Judge